## A90A1254. CLEMOW v. THE STATE.

(396 SE2d 302)

DEEN, Presiding Judge.

Guillermo Clemow appeals from the trial court's denial of his motion to suppress.

On May 13, 1989, State Trooper Ralston pulled over a car driven by appellant because the car was weaving. Clemow's wife and small child were passengers in the car. Trooper Ralston asked appellant several questions regarding his travel and ownership of the car. Appellant, a naturalized citizen from Colombia, apparently had some difficulty speaking English, but was able to answer Trooper Ralston's questions. After Trooper Ralston issued a warning ticket to appellant, he mentioned the problems with drug trafficking and asked for appellant's permission to search the vehicle. Appellant orally gave Ralston permission to search. Trooper Ralston then handed appellant the Spanish version of a written consent to search form. Both appellant and his wife apparently read the form, and then conversed in Spanish before appellant signed the form.

Trooper Ralston searched the vehicle and noticed some loose upholstery covering the right rear quarter panel. He searched the panel and found what turned out to be approximately 5 kilograms of cocaine. Appellant and his wife were then arrested.

Appellant contends that the trial court erred by not granting his motion to suppress because the appellant did not knowingly consent to the search of his car, and alternatively even if the consent was valid, the search exceeded the scope of the appellant's consent.

1. The State has the burden of proving the validity of a consensual search and must show the consent is given "voluntarily." *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973); *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983). This is a factual determination to be made by the trial court based on the "totality of all the circumstances." *Schneckloth*, supra at 227; *Williams*, supra at 792.

The trial court was presented with ample evidence to make its determination. The trial judge not only heard testimony of Trooper Ralston, but he also viewed a videotape of the incident taken from a camera in the trooper's car. Additionally, the court went to some length with an expert translator/interpreter to inquire about the language and meaning of the consent form. Unless clearly erroneous, this court must accept the trial court's rulings on disputed facts and credibility at a suppression hearing. *Williams*, supra at 792. Accordingly, the trial court's determination of the voluntary consent issue is supported by the evidence, and we must affirm.

2. Appellant argues that the trial court erred by denying his motion to suppress because the trooper's search into the inner side panel

was outside the scope of consent. Appellant contends that the consent form is ambiguous and that he was only consenting to a "brief look" inside the car. The argument is completely without merit.

The consent form authorized the officer to conduct a complete and entire search of the vehicle and its contents. The appellant voluntarily consented to a complete search. He cannot claim that Trooper Ralston exceeded the scope merely because the officer asked appellant if he could search his car "real quick" before he asked appellant to sign the consent form. *United States v. Suarez*, 694 FSupp. 926 (S.D. Ga. 1988).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JULY 13, 1990 —
REHEARING DENIED JULY 25, 1990.

Bailey & Bearden, J. Lane Bearden, for appellant.
Darrell E. Wilson, District Attorney, Paul F. Carden, Assistant District Attorney, for appellee.